O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRENDA MAIDLOW,** | NO. EDCV 10-01970-MAN |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **MICHAEL J. ASTRUE,** <br> **Commissioner of Social Security,** | AND ORDER |
| Defendant. | |

Plaintiff filed a Complaint on December 29, 2010, seeking review of the denial by the Social Security Commissioner (the "Commissioner") of plaintiff's application for a period of disability ("POD") and disability insurance benefits ("DIB").[1] On January 21, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the

---

[1] Plaintiff's Complaint purportedly seeks review of not only the Commissioner's decision denying plaintiff's application for POD and DIB but also the Commissioner's decision allegedly denying plaintiff's application for social security income ("SSI"). The Commissioner only denied plaintiff's application for POD and DIB; it does not appear that plaintiff applied for SSI. (*See generally* A.R. 112-22.) Accordingly, the Court limits its review to the Commissioner's denial of plaintiff's application for POD and DIB.

undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on September 12, 2011, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and defendant requests that the Commissioner's decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

Plaintiff filed an application for POD and DIB. (Administrative Record ("A.R.") 10.) Plaintiff, who was born on February 13, 1962 (A.R. 18),[2] claims to have been disabled since June 13, 2004 (A.R. 10), due to depression, bipolar disorder with psychotic features, panic disorder, "borderline intellectual functioning," knee pain, difficulties standing for long periods at a time, and seizures (A.R. 92, 97, 138, 251). Plaintiff has past relevant work experience as a warehouse worker, secretary, and production assembler. (A.R. 18.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 92-101), plaintiff requested a hearing (*see* A.R. 104-09). On October 21, 2009, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Sharilyn Hopson (the "ALJ"). (A.R. 53-89.) At the hearing,

---

[2] On the alleged disability onset date, plaintiff was 42 years old, which is defined as a younger individual. (A.R. 18; *citing* 20 C.F.R. § 404.1563.)

plaintiff's husband John Maidlow, vocational expert Corrine J. Porter, and medical expert Dr. David Glassmire,[3] a psychologist, also testified. On December 7, 2009, the ALJ denied plaintiff's claim (A.R. 10-19), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-3). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

The ALJ found that plaintiff has not engaged in substantial gainful activity since June 13, 2004, the alleged onset date of her disability. (A.R. 12.) The ALJ determined that plaintiff has the following severe impairments: "major depressive disorder; bipolar disorder; psychotic disorder NOS; disorders of muscle, ligament, and fascia; sprains and strains; and epilepsy." (A.R. 12.) The ALJ also determined that plaintiff does not have an impairment or a combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (A.R. 13.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform sedentary to light work as defined in 20 C.F.R. § 404.1567(b). (A.R. 14.) Specifically, the ALJ determined that plaintiff is capable of:

---

[3] There is a discrepancy in the record regarding the spelling of the name of the medical expert. (*Compare* A.R. 10, *with* A.R. 54.) For purposes of this memorandum opinion and order, the Court has adopted the spelling used by the ALJ in her decision

>     standing and/or walking for 2 hours, up to 30 minutes at one
>     time; sitting for 8 hours with normal breaks such as every 2
>     hours; lifting and/or carrying 10 pounds frequently and 20
>     pounds occasionally; with no climbing of ladders, working at
>     heights, or balancing; with no squatting, kneeling, crawling,
>     running, or jumping; with no operation of motorized equipment
>     or work around unprotected machinery; limited to simple
>     repetitive tasks; with no public contact; with occasional
>     contact with coworkers or supervisors; with no hypervigilance;
>     and with no responsibility for the safety of others.

(*Id.*)

The ALJ concluded that plaintiff is unable to perform her past relevant work. (A.R. 18.) However, having considered plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff could perform, including electronics worker, small products assembler – hospital products, and production inspector - eyeglasses. (A.R. 18-19.) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from June 13, 2004, through the date of her decision. (A.R. 19.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495

4

F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance."  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his or her decision "and may not affirm the ALJ on a ground upon which he [or she] did not rely."  Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability

determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff claims that the ALJ failed to consider her moderate limitations in concentration, persistence, or pace ("CPP") properly. (Joint Stipulation ("Joint Stip.") at 3-6, 9-11.) Specifically, plaintiff claims that the ALJ's RFC assessment and hypothetical to the vocational expert, both of which included a restriction to simple repetitive work, inadequately capture her limitations in CPP.

It is well established that an ALJ must include all of claimant's restrictions in his or her RFC and in the hypothetical posed to the vocational expert. Sabin v. Astrue, 337 Fed. Appx. 617, 620 (9th Cir. 2009)(*citing* 20 C.F.R. §§ 404.1545, 416.945 and Bray v. Comm'r of SSA, 554 F.3d 1219, 1228 (9th Cir. 2009)). "'[A]n ALJ's assessment of a claimant adequately captures restrictions related to [CPP] where the assessment is consistent with the restrictions identified in the medical testimony.'" *Id.* (*citing* Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008)); *see also* Bickford v. Astrue, 2010 WL 4220531, at *11 (D. Or. Oct. 19, 2010)(finding that, "so long as the ALJ's decision is supported by medical evidence, a limitation to simple, repetitive work can account for moderate difficulties in [CPP]").

In Stubbs-Danielson, an examining physician opined that plaintiff was "'moderately limited' in her ability to 'perform at a consistent

pace without an unreasonable number and length of rest periods' and 'mildly limited' in several other mental functioning areas." 539 F.3d at 1173. Similarly, a state agency reviewing physician opined that plaintiff had "'a slow pace, both in thinking [and] actions' and several moderate limitations in other mental areas." *Id.* Although the examining physician did not assess plaintiff's ability to perform work, the state agency physician "concluded [that plaintiff] retained the ability to 'carry out simple tasks as evidenced by her ability to do housework, shopping, work on hobbies, cooking and reading.'" *Id.* Accordingly, in assessing plaintiff's RFC, "the ALJ translated [plaintiff's] condition, including her pace and mental limitations, into the only concrete restrictions available to him –- [*to wit*, the state agency physician's] recommended restriction to 'simple tasks.'" *Id.* at 1174. Because the ALJ's assessment was consistent with the medical testimony, the Ninth Circuit held that the ALJ's RFC assessment and hypothetical, both of which included a restriction to simple tasks, adequately captured plaintiff's deficiencies in CPP. *Id.* at 1174-75.

Similarly, in <u>Sabin</u>, the ALJ found that plaintiff had moderate limitations in CPP. 337 Fed. Appx. at 620-21. The ALJ determined, however, that "the end result of [plaintiff's] moderate difficulties as to [CPP] was that she could do simple and repetitive tasks on a consistent basis." *Id.* at 621. Because the medical record was consistent with the ALJ's conclusion, the Ninth Circuit found that the ALJ's RFC assessment and hypothetical, both of which included a limitation to simple, repetitive tasks on a consistent basis, adequately captured the tasks plaintiff could perform notwithstanding her restrictions in CPP. *Id.*

7

In support of her assertion that the ALJ committed error in failing to specifically include plaintiff's deficiencies in CPP in the RFC assessment and hypothetical to the vocational expert, plaintiff cites, *inter alia*, Brink v. Comm'r SSA, 343 Fed. Appx. 211 (9th Cir. 2009), and Berjettel v. Astrue, 2010 WL 3056799 (D. Or. July 30, 2010) -- cases in which courts found that a restriction to "simple, repetitive work" failed to capture plaintiff's deficiencies in CPP. However, in this case, unlike the cases cited by plaintiff, and as detailed below, the medical expert, upon whom the ALJ relied both in determining plaintiff's RFC and crafting her hypothetical to the vocational expert, testified that plaintiff's deficiencies in CPP resulted in specific work restrictions -- *to wit*, a restriction to simple, repetitive work. Moreover and significantly, plaintiff does not allege, and the record does not support, greater limitations stemming from plaintiff's CPP than those found by the medical expert and adopted by the ALJ. *See* Dupree v. Astrue, 2011 WL 651886, at *5 (C.D. Cal. Feb. 10, 2011)(noting that "a limitation *must be* included in the RFC determination *only where* the record provides substantial evidence of such limitations")(*citing* Brink, 343 Fed. Appx. at 212). In fact, plaintiff does not even allege that the ALJ erred in relying on the opinion of Dr. Glassmire regarding plaintiff's ability to perform simple, repetitive tasks notwithstanding her deficiencies in CPP.

Thus, in this case, as in Stubbs-Danielson and Sabin, the ALJ's RFC assessment and subsequent hypothetical to the vocational expert are consistent with the medical record and adequately capture plaintiff's restrictions related to CPP. In evaluating whether plaintiff's mental impairments met or equaled Listings 12.03 and/or 12.04, the ALJ looked

to the "paragraph B" criteria and concluded that plaintiff has no restrictions in daily living, moderate difficulties in social functioning and CPP, and no episodes of decompensation. (A.R. 13.) The ALJ specifically noted, however, that the "limitations identified in the 'paragraph B' criteria are not [an RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." (*Id.*) The ALJ explained that, in contrast to her paragraph B findings, her RFC assessment for plaintiff "requires a more detailed assessment [-- an assessment which entails] itemizing various functions contained in the broad categories found in paragraph B" and "reflect[ing] the degree of limitation [she] has found in the 'paragraph B' mental function analysis." (*Id.*)

In assessing plaintiff's RFC, the ALJ thoroughly reviewed plaintiff's medical records. The ALJ noted that medical expert Dr. Glassmire, a licensed and board-certified forensic psychologist, opined that plaintiff has severe mental impairments that result in moderate difficulties in social functioning and CPP but "allow for the performance of competitive renumerative work within the parameters as found herein." (A.R. 14.) In pertinent part, after reviewing plaintiff's medical record, Dr. Glassmire testified that plaintiff's "paragraph B criteria" of moderate difficulties with social functioning and CPP would result in "work limitations," including limitations to "simple, repetitive tasks," "no contact with the public," "only occasional contact with co-workers and supervisors," and no "responsib[ility] for the safety of others." (A.R. 69.)

The ALJ also considered the opinions of Romualdo R. Rodriguez,

M.D., a psychiatrist, and Kevin Gregg, M.D., a state agency reviewing physician, both of whom found that plaintiff did not have any severe mental impairments. (A.R. 15.) Additionally, the ALJ noted that Charles R. Smith, M.D., a specialist in neurology, found plaintiff's mental status and CT scan of the brain to be normal. (A.R. 16, 353-54.) Although the ALJ recognized that "[u]pdated psychiatric records lend some additional support to [plaintiff's] mental allegations," the ALJ noted that "there are no documented signs or findings that demonstrate disabling limitations," "satisf[y] the durational requirement of the Act," or "require greater limitations than those found herein."[4] (A.R. 17.) The ALJ further noted that plaintiff's condition has responded to medication and treatment, and that the "ongoing objective evidence does not comport with a preclusion from competitive remunerative work." (*Id.*)

Upon review of plaintiff's medical record, the ALJ "agree[d] with medical expert [Dr. Glassmire] that [plaintiff's] condition does not preclude regular and continuing work." (A.R. 17.) Accordingly, in assessing plaintiff's RFC, the ALJ translated her paragraph B findings, including her finding that plaintiff has moderate limitations in CPP, into the only concrete restriction reflected in the record -- *to wit*, Dr. Glassmire's finding that plaintiff was restricted to simple, repetitive tasks, with no public contact, only occasional contact with co-workers and supervisors, and no responsibility for the safety of others. In other words, based on the evidence of record, the ALJ determined that the end result of plaintiff's moderate difficulties in

---

[4] Additionally, plaintiff does not contest the ALJ's finding that plaintiff was less than credible.

CPP was that plaintiff was limited to simple, repetitive tasks. *See* <u>Sabin</u>, 337 Fed. Appx. at 621 (finding the ALJ properly assessed medical evidence in determining that despite moderate limitation difficulties as to CPP, claimant could perform simple and repetitive tasks on a consistent basis); *see also* <u>Howard v. Massanari</u>, 255 F.3d 577, 582 (8th Cir. 2001)(finding that a limitation of often having deficiencies of CPP, which was interpreted by a doctor into a functional capacity assessment of being "able to sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function," was adequately captured in a hypothetical for "someone who is capable of doing simple, repetitive, routine tasks")

Accordingly, the ALJ's RFC assessment and hypothetical question posed to the vocational expert -- both of which included a restriction to simple, repetitive tasks -- are consistent with the medical record and adequately capture the tasks plaintiff can perform despite her difficulties with CPP. As such, the ALJ committed no reversible error in failing to specifically include plaintiff's deficiencies in CPP in either her RFC assessment for plaintiff or her subsequent hypothetical to the vocational expert.

**CONCLUSION**

For the foregoing reasons, the Court finds that the Commissioner's decision is supported by substantial evidence and is free from material legal error. Neither reversal of the Commissioner's decision nor remand is warranted.

1    Accordingly, IT IS ORDERED that Judgment shall be entered affirming
2 the decision of the Commissioner of the Social Security Administration.
3 IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of
4 this Memorandum Opinion and Order and the Judgment on counsel for
5 plaintiff and for defendant.

7    LET JUDGMENT BE ENTERED ACCORDINGLY.

9 DATED:   November 2, 2011

                                    /s/ Margaret A. Nagle
                                    _____
                                    MARGARET A. NAGLE
                                    UNITED STATES MAGISTRATE JUDGE